UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IN RE:                                                                  :
                                                                        :          22-md-3028 (PAE)
*ONE APUS* CONTAINER SHIP INCIDENT ON            :
NOVEMBER 30, 2020                                               :          Hon. Paul A. Engelmayer
                                                                        :
***This Document Relates To:***                                :
*Mitsui Sumitomo Insurance Co. of America, et al.*    :
*v. M/V ONE APUS, in rem, et al.*, C.A. 1:22-08233   :

-------------------------------------------------------------X

AFFILIATED FM INSURANCE COMPANY,              :
                                                                        :          **AIT WORLDWIDE LOGISTICS,**
                         *Plaintiff,*                                   :          **INC.'S ANSWER TO**
                                                                        :          **COMPLAINT AND**
              v.                                                        :          **CROSSCLAIMS**
                                                                        :
AIT WORLDWIDE LOGISTICS, INC., et al.,        :
                                                                        :
                         *Defendants.*                                :

-------------------------------------------------------------X

AIT WORLDWIDE LOGISTICS, INC.,                 :
                                                                        :
                         *Cross-Claimant,*                           :
                                                                        :
              v.                                                        :
                                                                        :
M/V ONE APUS, *in rem*; CHIDORI SHIP            :
HOLDING LLC; JESSICA SHIP HOLDINGS             :
S.A.; NYK SHIPMANAGEMENT PTE. LTD.;            :
OCEAN NETWORK EXPRESS PTE. LTD.; and          :
YANG MING MARINE TRANSPORT CORP.,             :
                                                                        :
                         *Cross-Defendants.*                         :

-------------------------------------------------------------X

        Defendant, AIT Worldwide Logistics, Inc. ("AIT"), by and through its attorneys, Robert

L. Reeb and Kenderick M. Jordan, of Marwedel, Minichello & Reeb, P.C., for its Answer to

Plaintiff, Affiliated FM Insurance Company of America's Complaint, states as follows:

                                  **JURISDICTION AND VENUE**

        1.        This Complaint is for loss of/damage to goods in common carriage by sea from

several foreign ports to a port of United States of America, and is thus subject to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701, et seq. (note), or in the alternative the Harter Act, 46 USC §30701, et seq. These claims come within this Court's Federal Question jurisdiction pursuant to 28 USC §1331.

**ANSWER**:    AIT admits that this Court has jurisdiction over the Plaintiff's Complaint pursuant

to 28 U.S.C. §§ 1331 and 1333, and the Complaint is an admiralty and maritime claim. Further

answering, Plaintiff's Complaint alleges losses of damage to cargo during ocean carriage from

foreign ports to ports in the United States, therefore is governed solely by the United States

Carriage of Goods by Sea Act, 46 U.S.C. § 30701 (note) ("COGSA"), *ex proprio vigore* or by

contract. AIT denies the remaining allegations contained in Paragraph 1.

2.    This Complaint also alleges breach of maritime contract and thereby comes within this Court's admiralty jurisdiction pursuant to 28 USC § 1333, and asserts admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**ANSWER**:    AIT admits that this Court has jurisdiction over the Plaintiff's Complaint pursuant

to 28 U.S.C. §§ 1331 and 1333, and the Complaint is an admiralty and maritime claim. Further

answering, Plaintiff's Complaint alleges losses of damage to cargo during ocean carriage from

foreign ports to ports in the United States, therefore is governed solely by the United States

Carriage of Goods by Sea Act, 46 U.S.C. § 30701 (note) ("COGSA"), *ex proprio vigore* or by

contract. AIT denies the remaining allegations contained in Paragraph 2.

3.    This Court has personal jurisdiction over the Carrier Defendants and the Vessel Defendants because they have offices in and/ or do business within the District. This Court has in rem jurisdiction over M/V ONE APUS, IMO no. 9806079, including its engines, boilers, tackle, and other appurtenances, etc., in rem, because it is presently within the district or will be so while the action is pending.

**ANSWER**:    To the extent that the allegations of Paragraph 3 relate to AIT, AIT admits the

allegations in Paragraph 3. AIT lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations contained in Paragraph 3.

4.    Venue is proper in this District because the Carrier Defendants and the Vessel

Defendants are subject to personal jurisdiction in the District, because the subject contracts of carriage, service-level agreements, and/or other applicable contracts contain choice of forum clauses that call for or permit the jurisdiction of this Court and because the Carrier Defendants and Vessel Defendants have waived all objections to venue in this District.

**ANSWER**:    To the extent that the allegations of Paragraph 3 relate to AIT, AIT admits only that it has agreed to the filing of Plaintiff's Complaint in this District as a part of the Multi-District Litigation, *IN RE: ONE APUS CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020*, Case No. 22-md-3028, for purposes of pre-trial proceedings and trial of liability issues only, thus, denies the remaining allegations contained in Paragraph 4 as they relate to AIT. AIT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 4.

## THE PARTIES

5.    The Cargo Plaintiffs now and at all times material were corporations or other business entities duly organized and existing by virtue of law. The Cargo Plaintiffs at all times material were the uninsured owners or the subrogated insurers of the hereinafter-described shipments of cargo.

**ANSWER**:    AIT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5.

6.    The Cargo Plaintiffs are informed and, on that basis, believe that the Carrier Defendants are now and at all times material were corporations or other business entities duly organized and existing by virtue of law and were common carriers and/or transportation intermediaries engaged in the business of common carriage of goods for hire to, from and within the United States, and to, from and within this district.

**ANSWER**:    To the extent that the allegations of Paragraph 6 relate to AIT, AIT admits only that it is a transportation intermediary in that it is licensed as a non-vessel operating common carrier ("NVOCC") with the Federal Maritime Commission under license no. 025247. Further answering, AIT admits only that it is a corporation organized under the laws of Illinois with its principal place of business located at 701 N Rohlwing Road, Itasca, Illinois. AIT lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations

contained in Paragraph 6.

7.      The Cargo Plaintiffs are informed and, on that basis, believe that M/V ONE APUS, IMO no. 9806079, including its engines, boilers, tackle, and other appurtenances, etc., in rem, is an ocean-going containership carrying goods for hire between foreign ports and ports of the United States, and did engage in such common carriage of goods for hire in this instance, giving the Kennedys Plaintiffs a maritime lien over it. The Cargo Plaintiffs likewise are informed and on that basis believe that the other Vessel Defendants are now and at all times material were corporations or other business entities duly organized and existing by virtue of law and were common carriers and/or transportation intermediaries engaged in the business of common carriage of goods for hire to, from and within the United States, and to, from and within this district, and/or owning, chartering, operating and/or managing the M/V ONE APUS in the common carriage of goods for hire by sea to, from and within the United States, and to, from and within this district.

**ANSWER**:    AIT lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in Paragraph 7.

## FACTUAL BACKGROUND

8.      On or about the dates and at the places of receipt and/or the ports of loading stated in those bills of lading or waybills issued by Carrier Defendant and/or Vessel Defendants and listed in Schedule A, the shipments therein described were delivered to Carrier Defendants and Vessel Defendants as common carriers or otherwise. All of the shipments were tendered and delivered to the Carrier Defendants and/or the Vessel Defendants in good order and condition at foreign ports for transport to the Port of Long Beach, California, a port of the United States. The Carrier Defendants and/or the Vessel Defendants then and there accepted said shipments, and in consideration of agreed freight charges thereupon paid or agreed to be paid, the Carrier Defendants and/or the Vessel Defendants agreed to transport said shipments to the Ports of Los Angeles / Long Beach, California, and/or onward to an inland destination, and promised to deliver said shipments in like good order and condition at the final points of delivery as specified in said bills of lading/ waybills/ contracts of carriage and/or as required by operative law.

**ANSWER**:    To the extent that the allegations of Paragraph 8 relate to AIT, AIT admits only

that the subject shipments were tendered by the respective shippers listed on the AIT issued

NVOCC, house bills of lading identified in Plaintiff's Schedule A ("AIT HBLs"), "Shipper Load

Count and Sealed", in apparent good order and condition pursuant to the conditions of the AIT

HBLs, but lacks knowledge or information sufficient to form a belief about the cargoes'

condition at the time of the issuance of the AIT HBLs. A true and accurate copy of the AIT

HBLs and Terms and Conditions, which appear on the reverse side therein, are attached hereto as

Exhibit 1, and fully incorporated herein. Further answering, AIT admits only that it was engaged

in its capacity as an NVOCC to arrange for the shipment of the cargoes carried under the AIT

HBLs, and, in turn engaged the vessel operating common carriers Ocean Network Express Pte.

Ltd. ("ONE") and Yang Ming Marine Transport Corp. ("YM"), to perform the actual ocean

carriage of the cargoes from Hai Phong, Vietnam to Los Angeles, California. AIT lacks

knowledge and information sufficient to form a belief about the truth of the remaining

allegations contained in Paragraph 8.

9.     The Carrier Defendants and/or the Vessel Defendants and/or their agents issued
clean bills of lading/ waybills/ contracts of carriage for the shipments listed in Schedule A, some
particulars of which are stated therein, but which are more fully set out in the bills of lading/
waybills/ contracts of carriage themselves, which are equally available to the Carrier Defendants
and the Vessel Defendants, as the Carrier Defendants and the Vessel Defendants issued the bills
of lading/ waybills/ contracts of carriage. The shipments were thereafter loaded on board the
containership M/V ONE APUS in good order and condition at the load ports reflected on the
bills of lading/ waybills/ contracts of carriage.

**ANSWER**:    To the extent that the allegations of Paragraph 9 relate to AIT, AIT admits only

that the subject shipments were tendered by the respective shippers listed on the AIT HBLs

identified in Plaintiff's Schedule A, "Shipper Load Count and Sealed", in apparent good order

and condition pursuant to the conditions of the AIT HBLs, but lacks knowledge or information

sufficient to form a belief about the cargoes' condition at the time of the issuance of the AIT

HBLs. Further answering, AIT admits only that it was engaged in its capacity as an NVOCC to

arrange for the shipment of the cargoes carried under the AIT HBLs, and, in turn engaged the

vessel operating common carriers ONE and YM, to perform the actual ocean carriage of the

cargoes from Hai Phong, Vietnam to Los Angeles, California. AIT lacks knowledge and

information sufficient to form a belief about the truth of the remaining allegations contained in

Paragraph 9.

10.     On or about November 30, 2020, approximately 1800 containers broke free and went overboard into the Pacific Ocean, and many hundreds more were damaged, all in breach of the Carrier Defendants' and the Vessel Defendants' duties under the bills of lading/ waybills/ contracts of carriage and/or relevant law.

**ANSWER**:     The allegations contained in Paragraph 10 contain legal conclusions and not well-

plead facts. To the extent an answer is required, AIT lacks knowledge or information sufficient

to form a belief about the truth of the allegations contained in Paragraph 10.

11.     The vessel diverted to Kobe, Japan, arriving on or about December 8, 2020. It underwent significant repairs for four months. During this time, the Carrier Defendants and the Vessel Defendants removed many containers, including on information and belief the remaining containers and shipments covered under the Carrier Defendants' and the Vessel Defendants' bills of lading/ waybills/ contracts of carriage, and subjected them to further loss/ damage in transloading and handling as a result of the overboard casualty. The Carrier Defendants and the Vessel Defendants refused to allow the Cargo Plaintiffs access to their shipments, and further failed to provide any material information regarding the condition of same.

**ANSWER**:     The allegations contained in Paragraph 11 contain legal conclusions and not well-

plead facts. To the extent an answer is required, AIT lacks knowledge or information sufficient

to form a belief about the truth of the allegations contained in Paragraph 11.

12.     The vessel sailed from Kobe to the Ports of Los Angeles/ Long Beach, California, on or about March 17, 2021, and said shipments that had not gone overboard were finally discharged at the Ports of Los Angeles/ Long Beach, California, on or about April 12, 2021, in bad order and condition, all in breach of the Carrier Defendants' and/or the Vessel Defendants' obligations under the bills of lading/ waybills/ contracts of carriage and/or relevant law.

**ANSWER**:     The allegations contained in Paragraph 12 contain legal conclusions and not well-

plead facts. To the extent an answer is required, AIT lacks knowledge or information sufficient

to form a belief about the truth of the allegations contained in Paragraph 12.

13.     The Cargo Plaintiffs are the real parties in interest and are the owners of the claims set forth herein. Prior to the Carrier Defendants' and the Vessel Defendants' receipt of the shipments, issuance of bills of lading/ waybills/ contracts of carriage, or any loss thereto, the Cargo Plaintiffs either owned said shipments, or issued policies of insurance whereby they agreed to indemnify the owners of said shipments and their assigns against loss or damage to said shipments. The Cargo Plaintiffs that issued policies of insurance became legally and

contractually obligated to pay their insureds for the cargo loss/ damage as a result of the aforesaid events, in the amounts reflected in Schedule A, in total in excess of USD$39,000.000.00, which claims the Cargo Plaintiffs adjusted and paid. By virtue of having made said payment(s), the Cargo Plaintiffs that issued policies of insurance have become contractually, legally and equitably subrogated to the rights and claims of their insureds, and/or have been assigned the rights to recovery for the cargo losses described, including recovery of any deductibles incurred or paid under the policies.

**ANSWER**:     AIT lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in Paragraph 13.

### FIRST CAUSE OF ACTION
### (Damage to Cargo - COGSA)

14.     Plaintiff refers to and incorporates herein by reference paragraphs 1-13 as though fully set forth herein.

**ANSWER**:     AIT incorporates all its responses to the allegations of Paragraphs 1-13 as its

response to Paragraph 14, as though fully set forth herein.

15.     In November 2020 at various load ports in China as identified in the relevant bills of lading/ waybills/ contracts of carriage, the Carrier Defendants and the Vessel Defendants received various shipments of goods contained in numerous shipping containers and under contracts of carriage, namely the bills of lading/ waybills/ contracts of carriage identified in Schedule A, and others, and in return for good and valuable consideration, agreed to carry the shipments from China to destinations in the United States via the Ports of Los Angeles/ Long Beach, and thereafter deliver the shipments in the same good order, condition, and quantity as when received.

**ANSWER**:     To the extent that the allegations of Paragraph 15 relate to AIT, AIT admits only

that the subject shipments were tendered by the respective shippers listed on the AIT HBLs,

:Shipper Load Count and Seal", in apparent good order and condition pursuant to the terms and

conditions of the AIT HBLs, but lacks knowledge or information sufficient to form a truth about

the belief about the cargoes' condition at the time of the issuance of the AIT HBLs. Further

answering, AIT admits only that it was engaged in its capacity as an NVOCC to arrange for the

shipment of the cargoes carried under the AIT HBLs, and, in turn, engaged ONE and YM to

perform the actual ocean carriage of the cargoes from Hai Phong, Vietnam to Los Angeles,

California. AIT lacks knowledge and information sufficient to form a belief about the truth of the

remaining allegations contained in Paragraph 15.

16.     However, in breach of and in violation of said agreements and their duties as
common carriers of goods by sea for hire, the Carrier Defendants and the Vessel Defendants did
not deliver the shipments in the same good order, condition, and quantity as received. To the
contrary, the Carrier Defendants and the Vessel Defendants either failed to deliver the shipments
at all, where the shipments were lost overboard during the ocean carriage to Long Beach, or
delivered the shipments in a damaged condition.

**ANSWER**:     The allegations contained in Paragraph 16 contain legal conclusions and not well-

plead facts. To the extent an answer is required and to the extent that the allegations of Paragraph

16 relate to AIT, AIT denies the allegations contained in Paragraph 16.

17.     By reason of the Carrier Defendants' and the Vessel Defendants' failure to deliver
the shipments in the same good order and condition as received, each defendant has caused a loss
to the Cargo Plaintiffs in the amounts set forth in Schedule A, no part of which have been paid
by any defendant, though duly demanded.

**ANSWER**:     To the extent that the allegations of Paragraph 17 relate to AIT, AIT admits only

that it has not paid any sum to Plaintiff for the alleged damages, but expressly denies any duty to

do so. Further answering, AIT denies the remaining allegations contained in Paragraph 17.

**WHEREFORE**, Defendant, AIT Worldwide Logistics, Inc., prays that this Court

dismiss the Complaint and/or enter judgment in its favor and against Affiliated FM Insurance

Company, and for all other relief deemed just by the Court.

### SECOND CAUSE OF ACTION
### (Breach of Contract)

18.     Plaintiff refers to and incorporates herein by reference paragraphs 1-17 as though
fully set forth herein. This cause of action is pleaded in the alternative.

**ANSWER**:     AIT incorporates all its responses to the allegations of Paragraphs 1-17 as its

response to Paragraph 18, as though fully set forth therein.

19.     The Carrier Defendants and the Vessel Defendants, under contracts of carriage set
out in Schedule A, including without limitation bills of lading/ waybills/ contracts of carriage,

and in return for good and valuable consideration, agreed to transport and carry the shipments from ports in China to destinations in the United States via the Ports of Los Angeles/ Long Beach, California and there to deliver the shipments in the same good order, condition, and quantity as when received.

**ANSWER**:    To the extent that the allegations of Paragraph 19 relate to AIT, AIT denies the

allegations contained in Paragraph 19. Further answering, the allegations contained in Paragraph

19 are wholly preempted by COGSA.

20.    In breach of said contract, the Carrier Defendants and the Vessel Defendants did not deliver the shipments in the same good order, condition, and quantity as when received. To the contrary, the shipments were lost overboard and/or damaged during the ocean carriage.

**ANSWER**:    To the extent that the allegations of Paragraph 20 relate to AIT, AIT denies the

allegations contained in Paragraph 20. Further answering, the allegations contained in Paragraph

20 are wholly preempted by COGSA.

21.    By reason of the Carrier Defendants' and the Vessel Defendants' failure to deliver the shipments in the same good order and condition as received, each defendant has caused a loss to the Cargo Plaintiffs in the amounts set forth in Schedule A, no part of which have been paid by any defendant, though duly demanded.

**ANSWER**:    To the extent that the allegations of Paragraph 21 relate to AIT, AIT admits only

that it has not paid any sum to Plaintiff for the alleged damages, but expressly denies any duty to

do so. Further answering, AIT denies the remaining allegations contained in Paragraph 21.

**WHEREFORE**, Defendant, AIT Worldwide Logistics, Inc., prays that this Court

dismiss the Complaint and/or enter judgment in its favor and against Affiliated FM Insurance

Company, and for all other relief deemed just by the Court.

### THIRD CAUSE OF ACTION
### (Bailment)

22.    Plaintiff refers to and incorporates herein by reference paragraphs 1-21 as though fully set forth herein. This cause of action is plead in the alternative.

**ANSWER**:    AIT incorporates all its responses to the allegations of Paragraphs 1-21 as its

response to Paragraph 22, as though fully set forth therein.

23.    In receiving and arranging for the shipments of cargo, either by themselves or through their agents, the Carrier Defendants and the Vessel Defendants acted as bailees for hire, setting up a bailment as a matter of law. In breach of said bailment, the Carrier Defendants and the Vessel Defendants failed to safely deliver the shipments in the same good order and condition as when received. To the contrary, the shipments were never delivered or were delivered damaged.

**ANSWER**:    To the extent that the allegations of Paragraph 23 relate to AIT, AIT denies the

allegations contained in Paragraph 23. Further answering, the allegations contained in Paragraph

23 are wholly preempted by COGSA.

24.    By reason of the Carrier Defendants' and the Vessel Defendants' failure to deliver the shipments in the same good order and condition as received, each defendant has caused a loss to the Cargo Plaintiffs in amounts set forth in Schedule A, no part of which have been paid by any defendant, though duly demanded.

**ANSWER**:    To the extent that the allegations of Paragraph 21 relate to AIT, AIT admits only

that it has not paid any sum to Plaintiff for the alleged damages, but expressly denies any duty to

do so. Further answering, AIT denies the remaining allegations contained in Paragraph 21.

**WHEREFORE**, Defendant, AIT Worldwide Logistics, Inc., prays that this Court

dismiss the Complaint and/or enter judgment in its favor and against Affiliated FM Insurance

Company, and for all other relief deemed just by the Court.

### FOURTH CAUSE OF ACTION
### (Damage to Cargo — Harter Act, 46 U.S.C. § 30704)

25.    Plaintiff refers to and incorporates herein by reference paragraphs 1-24 as though fully set forth herein. This cause of action is pled in the alternative.

**ANSWER**:    AIT incorporates all its responses to the allegations of Paragraphs 1-24 as its

response to Paragraph 25, as though fully set forth therein.

26.    The Carrier Defendants and the Vessel Defendants, under contracts of carriage set out in Schedule A, including without limitation bills of lading/ waybills/ contracts of carriage, and in return for good and valuable consideration, agreed to transport and carry the shipments from ports in China to destinations in the United States via the Ports of Los Angeles/ Long

Beach, California and there deliver the shipments in the same good order, condition, and quantity as when received.

**ANSWER**:    To the extent that the allegations of Paragraph 26 relate to AIT, AIT denies the

allegations contained in Paragraph 26. Further answering, the allegations contained in Paragraph

26 are wholly preempted by COGSA.

27.    Thereafter, in breach of and in violation of said agreements and their duties as common carriers of goods by sea for hire, the Carrier Defendants and the Vessel Defendants did not deliver the shipments that they received in the same good order, condition, and quantity. To the contrary, the Carrier Defendants and the Vessel Defendants either failed to deliver the shipments, or delivered the shipments in a damaged condition.

**ANSWER**:    To the extent that the allegations of Paragraph 27 relate to AIT, AIT denies the

allegations contained in Paragraph 27. Further answering, the allegations contained in Paragraph

27 are wholly preempted by COGSA.

28.    By reason of the Carrier Defendants' and the Vessel Defendants' failure to deliver the shipments in the same good order and condition as received, each defendant has caused a loss to the Cargo Plaintiffs in amounts set forth in Schedule A, no part of which have been paid by any defendant, though duly demanded.

**ANSWER**:    To the extent that the allegations of Paragraph 28 relate to AIT, AIT admits only

that it has not paid any sum to Plaintiff for the alleged damages, but expressly denies any duty to

do so. Further answering, AIT denies the remaining allegations contained in Paragraph 28.

**WHEREFORE**, Defendant, AIT Worldwide Logistics, Inc., prays that this Court

dismiss the Complaint and/or enter judgment in its favor and against Affiliated FM Insurance

Company, and for all other relief deemed just by the Court.

### FIFTH CAUSE OF ACTION
### GENERAL MARITIME LAW NEGLIGENCE

29.    Plaintiff refers to and incorporates herein by reference paragraphs 1-28 as though fully set forth herein. This cause of action is pled in the alternative, to the extent that any of the Carrier Defendants or Vessel Defendants are not carriers or bailees as a matter of law.

**ANSWER**:    AIT incorporates all its responses to the allegations of Paragraphs 1-28 as its

response to Paragraph 29, as though fully set forth herein.

30.    The Carrier Defendants and the Vessel Defendants set out in Schedule A, and in return for good and valuable consideration, agreed to transport and carry the shipments from ports in China to destinations in the United States via the Ports of Los Angeles/ Long Beach, California and there deliver the shipments in the same good order, condition, and quantity as when received. Further to these agreements, the Carrier Defendants and the Vessel Defendants agreed to own and/or charter and/or operate and/or manage said vessel in a safe, nonnegligent, seaworthy and cargo-worthy manner.

**ANSWER**: To the extent that the allegations of Paragraph 30 relate to AIT, AIT denies the allegations contained in Paragraph 30. Further answering, the allegations contained in Paragraph 30 are wholly preempted by COGSA.

31.    Thereafter, in breach of and in violation of said agreements and their obligations to own and/or operate and/or charter and/or manage the vessel in a safe, nonnegligent, seaworthy and cargo-worthy manner, the Carrier Defendants and the Vessel Defendants negligently owned and/or operated and/or chartered and/or managed said vessel, resulting in either a complete failure to deliver some of the shipments, or in delivering other of the shipments in a damaged condition.

**ANSWER**:    To the extent that the allegations of Paragraph 31 relate to AIT, AIT denies the allegations contained in Paragraph 31. Further answering, the allegations contained in Paragraph 31 are wholly preempted by COGSA.

32.    By reason of the Carrier Defendants' and the Vessel Defendants' negligence, each defendant has caused a loss to the Cargo Plaintiffs in amounts set forth in Schedule A, no part of which have been paid by any defendant, though duly demanded.

**ANSWER**:    To the extent that the allegations of Paragraph 32 relate to AIT, AIT admits only that it has not paid any sum to Plaintiff for the alleged damages, but expressly denies any duty to do so. Further answering, AIT denies the remaining allegations contained in Paragraph 32.

**WHEREFORE**, Defendant, AIT Worldwide Logistics, Inc., prays that this Court dismiss the Complaint and/or enter judgment in its favor and against Affiliated FM Insurance Company, and for all other relief deemed just by the Court.

## AFFIRMATIVE DEFENSES

Defendant, AIT Worldwide Logistics, Inc. ("AIT"), by and through its attorneys, Robert L. Reeb and Kenderick M. Jordan, of Marwedel, Minichello & Reeb, P.C., for its Affirmative Defenses to Affiliated FM Insurance Company's Complaint, states as follows:

**First Affirmative Defense**
**Failure to State a Valid Claim**

1.      The claims alleged in the Complaint fail to state a claim upon which relief may be granted.

**Second Affirmative Defense**
**Preemption Under the Carriage of Goods by Sea Act, 46 U.S.C. § 30701**

2.      The claims alleged against AIT, which allege liability for cargo damage based on breach of contract, breach of bailment, violations under the Harter Act, 46 U.S.C. § 30704, and maritime negligence are wholly preempted by the United States Carriage of Goods by Sea Act, 46 U.S.C. § 30701 (note) ("COGSA").

**Third Affirmative Defense**
**Fault of Third-Parties and Right to Contribution and Indemnification**

3.      If Plaintiff was damaged as alleged in the Complaint, those damages were caused by the direct and proximate negligence of other parties, their agents or employees, or by others unknown at this time over whom AIT had no control at any time relevant hereto, including but not limited to the actual vessel operators and ocean carriers, Ocean Network Express Pte. Ltd. ("ONE") and Yang Ming Marine Transport Corp. ("YM") and the vessel M/V ONE APUS, and in the event AIT is found liable to Plaintiff, which is expressly denied, AIT will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

**Fourth Affirmative Defense**
**AIT House Bills of Lading Terms and Conditions**

4.      AIT is entitled to all of the rights, defenses, disclaimers and limitations of liability

applicable under the AIT House Bills of Lading ("AIT HBLs") identified in Schedule A of Plaintiff's Complaint, and the Terms and Conditions appearing on the reverse side of said AIT HBLs, both of which are attached as Exhibit 1, hereto, and are incorporated herein by reference. Any loss/or injury and/or damage alleged to have been suffered to the subject goods was due to a cause of causes for which AIT is not liable or responsible, or for which AIT's liability is limited, by virtue o the provisions of the said AIT HBLs.

**Fifth Affirmative Defense**
**COGSA**

5.    The alleged claims for cargo loss and/or damage are governed by COGSA, by virtue of statute and/or contractual adoption of COGSA in the Terms and Conditions of Contract for the AIT HBLs. Any loss/or injury and/or damage alleged to have been suffered by the subject goods was due to a cause or causes for which AIT is not liable or responsible by virtue of the provisions of COGSA.

**Sixth Affirmative Defense**
**Lack of Fault or Privity**

6.    The alleged claims for cargo loss and/or damage aronse without actual fault, neglect and privity of AIT, its agents, servants and/or contractors. AIT is not liable for any loss, damage or delay to the shipments that so arising under the applicable bills of lading and terms and conditions referenced in these Affirmative Defenses, COGSA or any other applicable law.

**Seventh Affirmative Defense**
**Perils of the Sea/Acts of God**

7.    The alleged cargo loss and/or damage was caused by a Peril of the Sea and/or Act of God. The vessel M/V ONE APUS was seaworthy at the inception of the subject voyage, the ONE APUS encountered heavy weather during transit that was unforeseeably severe, and neither AIT, nor its agents, servants and contractors were negligent. AIT is not liable for any loss,

14

damage, or delay to the shipment that was due to such cause under the applicable bills of lading and terms and conditions referenced in these Affirmative Defenses, COGSA or any other applicable law.

**Eighth Affirmative Defense**
**Fault of the Shipper/Improper Packaging and Marking**

8.      The alleged cargo loss and/or damage was caused by the act or default of the shipper or its agents, including but not limited to inadequate or improper crating, packing, packaging, loading, counting and marking performed by the shipper. AIT is not liable for any loss, damage or delay to the shipment that was due to such cause under the applicable bills of lading and terms and conditions referenced in these Affirmative Defenses, COGSA or any other applicable law.

**Ninth Affirmative Defense**
**Error in Navigation or Management of the Vessel**

9.      AIT is not liable for the alleged cargo loss and/or damage under the applicable bills of lading and terms of conditions referenced in these Affirmative Defenses, COGSA or any other applicable law, to the extent it was caused by the act, neglect or default of the master, mariner, pilot, servants or contracts in the navigation or management of the vessel M/V ONE APUS.

**Tenth Affirmative Defense**
**Due Diligence**

10.      AIT, its agents, servants, and/or contractors, exercised due diligence to make the vessel seaworthy prior to the commencement of the subject voyage. AIT is not liable for the alleged cargo loss and damage under the applicable bills of lading and terms and conditions referenced in these Affirmative Defenses, COGSA or any other applicable law, to the extent it was caused by unseaworthiness of the vessel M/V ONE APUS.

**Eleventh Affirmative Defense**
**Limitation of Liability**

11.    Alternatively, any alleged loss or damage to the subject goods is subject to ta $500-per-package limitation of liability set forth in the Terms and Conditions of the AIT HBLS, where were adopted therein.

**Twelfth Affirmative Defense**
**Consequential Damages Not Recoverable**

12.    Plaintiff cannot recover the damages alleged in the Complaint because they are consequential, incidental and indirect in nature, and AIT had no notice of the possibility of such damages, which were not foreseeably recoverable under the provisions of the bills of lading and terms and conditions referenced in these Affirmative Defenses, COGSA or any other applicable law.

**Thirteenth Affirmative Defense**
**Failure to Mitigate Damages**

13.    Plaintiff has failed to mitigate its claims and damages, if any. Therefore, Plaintiff is barred from recovery of all or part of its claimed damages.

**WHEREFORE**, Defendant, AIT Worldwide Logistics, Inc., prays that this Court dismiss the Complaint and/or enter judgment in its favor and against Affiliated FM Insurance Company, and for all other relief deemed just by the Court.

## AIT WORLDWIDE LOGISTICS, INC.'S CROSSCLAIMS

Defendant/Cross-Claimant, AIT Worldwide Logistics, Inc. ("AIT"), by and through its attorneys, Robert L. Reeb and Kenderick M. Jordan, of Marwedel, Minichello & Reeb, P.C., pursuant to Fed. R. Civ. P. 13(g) and for its Crossclaims Against Defendants/Cross-Defendants, M/V ONE APUS, *in rem*, Chidori Ship Holding LLC, Jessica Ship Holdings S.A., NYK Shipmanagement Pte. Ltd, Ocean Network Express Pte. Ltd., and Yang Ming Marine Transport Corp., states as follows:

### Jurisdiction, Parties and Venue

1.      This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE, and Rules C and E of the Supplemental Rules of Certain Admiralty and Maritime Claims.

2.      At all relevant times mentioned herein, Defendant/Cross-Claimant, AIT, was a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 701 Rohlwing Road, Itasca, Illinois, and was engaged in the business of international transportation of cargoes as a non-vessel operating common carrier ("NVOCC").

3.      At all relevant times mentioned herein, Defendant/Cross-Claimant, Chidori Ship Holding LLC ("Chidori"), was and is a foreign corporation registered in Japan with its principal place of business at 2-2-1 Kyobashi, Chuo-ku, Tokyo, Japan, and the owner of the M/V ONE APUS.

4.      At all relevant times mentioned herein, the *in rem* Defendant/Cross-Defendant, M/V ONE APUS (the "Vessel"), was and is a commercial containership registered in Japan with

Official Number 143426 and IMO No. 9806079, owned by Chidori, and engaged in transporting goods by sea for hire.

5.      At all relevant times mentioned herein, Defendant/Cross-Defendant, Jessica Ship Holdings S.A. ("Jessica"), was and is a foreign corporation registered in the Republic of Panama with its principal place of business at 15th Floor, Banco General Tower, Aquilina De La Guardia Street, Marbella, Panama City, Republic of Panama, and bareboat charterer of the Vessel.

6.      At all relevant times mentioned herein, Defendant/Cross-Defendant, NYK Shipmanagement Pte. Ltd. ("NYK"), was and is a foreign corporation registered in Singapore with its principal place of business at 1 Harbourfront Place, #15-01 HarbourFront PlaceTower One, Singapore, 098633, and managed the Vessel.

7.      At all relevant times mentioned herein, Defendant/Cross-Defendant, Ocean Network Express Pte. Ltd. ("ONE"), was and is a foreign corporation registered in Singapore with its principal place of business at 7 Straits View, #16-01 Marina One East Tower, Singapore, 018936.

8.      ONE is a vessel operating common carrier registered with the Federal Maritime Commission that regularly engages in the business of transporting ocean born cargo in the foreign commerce of the United States, including regular shipments to, from and through this judicial district, and conducts administrative operations in the United States via its general agent Ocean Network Express (North America), Inc.

9.      At all relevant times mentioned herein, Yang Ming Marine Transport Corp. ("YM"), was and is a foreign corporation registered in Taiwan with its principal place of business at No. 271, Ming De 1st Road, Cidu District, Keelung 20646.

10.     YM is a vessel operating common carrier registered with the Federal Maritime

Commission that regularly engages in the business of transporting ocean born cargo in the foreign commerce of the United States, including regular shipments to, from and through this judicial district, and conducts administrative operations in the United States via its general agent Yang Ming (America) Corp.

11.     Upon information and belief, and at all relevant times mentioned herein and with respect to the Vessel ONE and YM had a Vessel Sharing Agreement (a "VSA", or commonly known as a "slot charter" agreement) with two other entities: Hapag Lloyd AG and HMM Co. Ltd.

**Facts**

12.     AIT was and is an NVOCC that acted as an ocean transportation intermediary, arranging for the shipment of cargo for its customers from port to port, including to and from ports in Asia and the United States.

13.     As an NVOCC, AIT engaged and contracted with vessel operating common carriers ("VOCCs") to provide the actual ocean carriage of cargo, as well as land-based transportation of cargo with other carriers for the cargo, when contracted to do so.

14.     As an NVOCC, AIT, and/or its agents, contracted with ONE and YM, as VOCCs, to provide for the actual ocean carriage of the cargo described in Schedule A, aboard the Vessel.

15.     On or about the dates and the ports of the shipments described in Schedule A (collectively, the "Shipments"), each of the Shipments were tendered on board the Vessel, M/V ONE APUS.

16.     On or about November 30, 2020, during the voyage across the Pacific Ocean, making way towards the United States, the Vessel rolled, and the Shipments and containers described in Schedule A went overboard or were otherwise damages (the "Incident").

17.     On September 28, 2022, Plaintiff, Affiliated FM Insurance Company, caused to be filed an action against AIT alleging damages as a result of the Incident, and in relation to the containers described in Schedule A.

**COUNT I (ALL DEFENDANTS)**
**(Indemnification and/or Contribution)**

18.     AIT incorporates and realleges Paragraphs 1-17, as though fully set forth herein.

19.     On or about the dates stated in Schedule A, AIT entered into one or more contracts with the Defendants/Cross-Defendants pursuant to which the Defendants/Cross-Defendants would properly and carefully load, stow, secure and transport the Shipments from the ports of loading to the ports of discharge. In addition, the Defendants/Cross-Defendants were to ensure that any carrier utilized for AIT's Shipments was reputable and carried the requisite licensure and insurance.

20.     AIT's bills of lading and/or service agreements with the Defendants/Cross-Defendants constituted a valid and enforceable contract under law.

21.     If it is determined that AIT's customers' Shipments described in Schedule A were damaged and/or lost, which is denied, as and for AIT's opposition to its customers' claims only, and it is determine that AIT is responsible for said losses and/or damages as an NVOCC, these said losses and/or damages were due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct of one or more of the Defendants/Cross-Defendants acting as VOCCs and/or otherwise.

22.     The alleged damage to or loss of the Shipments was not caused to or contributed by any act, omission, fault, or neglect on the part of AIT, or its customers, its agents, servants.

23.     By reason of the alleged damage to or loss of the Shipments, AIT and its customers have suffered damages and exposure to claims, including damage to or loss of the

Shipments.

24.     If it is determined that AIT is responsible for the alleged damage or loss of its customers' Shipments, described in Schedule A, and/or any other losses of any nature whatsoever, then, all of AIT's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omission or other misconduct of the Defendants/Cross-Defendants and/or their agents acting on their behalf, including as a VOCC, without any fault of AIT or its agents contributing thereto; and therefore, the Defendants/Cross-Defendants should be held jointly and severally liable to AIT for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in AIT's defense of all claims and prosecution of these Crossclaims.

25.     In the event that AIT is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the damage and/or loss to the Shipments, said liability being expressly denied by AIT, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of the Defendants/Cross-Defendants, or their officers, agents, servants, and employees and, therefore, AIT should be granted full recovery over and against, and be indemnified by, or secure contribution from the Defendants/Cross-Defendants for all sums so recovered against AIT, including attorneys' fees, expenses, interest, and costs, incurred by AIT in defense of all claims and prosecution of these Crossclaims.

**WHEREFORE**, Defendant/Cross-Claimant, AIT Worldwide Logistics, Inc., prays this Court:

1.     Enter judgement in AIT Worldwide Logistics, Inc.'s favor, and against Defendants/Cross-Defendants, jointly and severally, on these claims;

2.     Find Defendants/Cross-Defendants to be liable for indemnity to AIT Worldwide

Logistics, Inc. and for all such sums for which AIT Worldwide Logistics, Inc. may be found liable as a result of any claims, including attorneys' fees, interest, costs and disbursements, in or relating to this litigation;

3.      Enter judgment in AIT Worldwide Logistics, Inc.'s favor and against Defendants/Cross-Defendants for contribution toward any losses or damages suffered by AIT Worldwide Logistics, Inc. as a result of any claims recovered against AIT Worldwide Logistics, Inc., including legal fees and disbursements incurred in defendant of any claims relating to this litigation and the prosecution of these Crossclaims;

4.      Enter judgment in AIT Worldwide Logistics, Inc.'s favor and against Defendants/Cross-Defendants in approximate sum of $272,603.80, together for the loss of AIT Worldwide Logistics, Inc.'s customers' Shipments, plus interest and costs;

5.      In the alternative, enter judgment in Plaintiff, Affiliated FM Insurance Company's favor and against Defendants/Cross-Defendants in an approximate sum of $272,603.80, plus interest and costs; and

6.      For such other and further relief this Court deems just and proper.


Dated: January 20, 2023

                                        Respectfully Submitted:

                                        _____
                                        Robert L. Reeb – *Admitted Pro Hac Vice*
                                        Kenderick M. Jordan – *Admitted Pro Hac Vice*
                                        MARWEDEL MINICHELLO & REEB P.C.
                                        303 W. Madison St., Ste. 1100
                                        Chicago, Illinois 60606
                                        P: (312) 902-1600
                                        F: (312) 902-9900
                                        rreeb@mmr-law.com
                                        kjordan@mmr-law.com

                                        *Attorneys for American International Cargo Service, Inc.; AIT Worldwide Logistics, Inc.; C.H. Robinson International, Inc.; TopOcean Consolidation Service (Los Angeles), Inc.*

22

**CERTIFICATE OF SERVICE**

I, Kenderick M. Jordan, an attorney, certify that on January 20, 2023, I served AIT Worldwide Logistics, Inc.'s Answer to Complaint and Crossclaims, on each party of record registered with the CM/ECF system by electronically filing it with the Clerk of the United States District Court for Southern District of New York, who will send notification of such filing to each of them, and by mailing a copy to each party of record not registered with the CM/ECF system, if any.

By: /s/ Kenderick M. Jordan

| Vessel-Operating Common Carrier | House Bill of Lading No. | Master/Ocean Bill of Lading No. | Container No. | Place of Loading | Port of Discharge | Place of Delivery | Loss Amount |
|---|---|---|---|---|---|---|---|
| Ocean Network Express Pte Ltd | SGN00495856 / SGN00495857 | ONEYSGNAS0711600 | BMOU5277113 | Cai Mep, Vietnam | Los Angeles, CA, USA | Los Angeles, CA, USA | $21,805.50 |
| Ocean Network Express Pte Ltd | HAN00501325 | ONEYHPA23637700 | SEGU5868962 | Haiphong, Vietnam | Los Angeles, CA, USA | Los Angeles, CA, USA | $29,944.87 |
| Ocean Network Express Pte Ltd | HAN00499955 | ONEYHPA221109604 | MOEU1402700 | Haiphong, Vietnam | Los Angeles, CA, USA | Los Angeles, CA, USA | $28,869.84 |
| Ocean Network Express Pte Ltd | HAN00499954 | ONEYHPA21109603 | TCNU4260634 | Haiphong, Vietnam | Los Angeles, CA, USA | Los Angeles, CA, USA | $26,399.40 |
| Ocean Network Express Pte Ltd | HAN00499953 | ONEYHPA21109602 | TGHU4908409 | Haiphong, Vietnam | Los Angeles, CA, USA | Los Angeles, CA, USA | $26,399.40 |
| Ocean Network Express Pte Ltd | HAN00499951 | ONEYHPA21109600 | SEGU4305408 | Haiphong, Vietnam | Los Angeles, CA, USA | Los Angeles, CA, USA | $26,533.00 |
| Yang Ming Transp. Corp. | SGN00498185 | YMLUW490384353 | MAGU5659551 | Ho Chi Min, Vietnam | Los Angeles, CA, USA | Los Angeles, CA, USA | $16,541.00 |
| Yang Ming Transp. Corp. | HAN00495875 / HAN00495876 / HAN495877 | YMLUW492308451 | TEMU8745700 | Haiphong, Vietnam | Los Angeles, CA, USA | Los Angeles, CA, USA | $79,569.79 |
| Yang Ming Transp. Corp. | SGN00498184 | YMLUW490382997 | BMOU5750503 | Ho Chi Min, Vietnam | Los Angeles, CA, USA | Los Angeles, CA, USA | $16,541.00 |

# SCHEDULE A