UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>ONE APUS CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020<br><br>This Document Relates to:<br>Mitsui Sumitomo Insurance Co. of America, et al. v. M/V ONE APUS et al., 1:22-cv-08233 | 22-MD-3028 (PAE)<br><br>**ANSWER OF DEFENDANT ALLIANCE CARGO GROUP (HK) LTD. WITH CROSSCLAIM** |

Defendant, ALLIANCE CARGO GROUP (HK) LTD. ("Alliance"), by its attorneys, the McKew Law Firm, PLLC, for its answer to the Complaint dated September 26, 2022 (the "Complaint"), alleges as follows:

1. Denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 1 of the Complaint and refers all questions of law to the Court.

2. Denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 2 of the Complaint and refers all questions of law to the Court.

3. Denies that Alliance has offices in and/or does business within the District and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations as to Alliance and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Admits that Alliance is a business entity duly organized and existing by virtue of law, that Alliance is a transportation intermediary engaged in the business of common carriage of goods for hire, from the United States, and to and from the District, and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Admits that Alliance, in its capacity as an ocean transportation intermediary, issued certain shipping documents concerning a voyage of the ONE APUS and otherwise denies the allegations contained in paragraph 8 of the Complaint.

9. Admits that Alliance, in its capacity as an ocean transportation intermediary, issued certain shipping documents concerning a voyage of the ONE APUS and otherwise denies the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Repeats and realleges each and every admission, denial and denial of knowledge or information above stated with the same force and effect as if herein repeated and set forth at length.

15. Admits that Alliance, in its capacity as an ocean transportation intermediary, issued certain shipping documents concerning a voyage of the ONE APUS and otherwise denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations as to Alliance and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations as to Alliance and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Repeats and realleges each and every admission, denial and denial of knowledge or information above stated with the same force and effect as if herein repeated and set forth at length.

19. Admits that Alliance, in its capacity as an ocean transportation intermediary, issued certain shipping documents concerning a voyage of the ONE APUS and otherwise denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations as to Alliance and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations as to Alliance and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Repeats and realleges each and every admission, denial and denial of knowledge or information above stated with the same force and effect as if herein repeated and set forth at length.

23. Denies the allegations contained in paragraph 23 of the Complaint

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Repeats and realleges each and every admission, denial and denial of knowledge or information above stated with the same force and effect as if herein repeated and set forth at length.

26. Admits that Alliance, in its capacity as an ocean transportation intermediary, issued certain shipping documents concerning a voyage of the ONE APUS and otherwise denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations as to Alliance and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations as to Alliance and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Repeats and realleges each and every admission, denial and denial of knowledge or information above stated with the same force and effect as if herein repeated and set forth at length.

30. Admits that Alliance, in its capacity as an ocean transportation intermediary, issued certain shipping documents concerning a voyage of the ONE APUS and otherwise denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations as to Alliance and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations as to Alliance and otherwise denies knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 32 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

33. The Complaint fails to state a claim against Alliance upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

34. Plaintiffs' claims against Alliance are barred by the applicable statute of limitations, including the limitations set forth in the Carriage of Goods by Sea Act ("COGSA"), 48 U.S.C. § 1301 et seq., as amended.

## THIRD AFFIRMATIVE DEFENSE

35. Plaintiffs' claims against Alliance are barred to the extent that plaintiffs failed to satisfy conditions precedent for pursuing the claims set forth in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

36. Plaintiffs' claims against Alliance are barred and/or limited in whole or part by the applicable contracts of carriage or other agreements, bills of lading, tariffs and/or applicable regulations, statutes and treaties, including, *inter alia*, COGSA.

## FIFTH AFFIRMATIVE DEFENSE

37. Any liability of Alliance for loss or damage suffered by the plaintiffs, which is hereby specifically denied, is barred and/or limited in whole or part by the applicable contracts of carriage or other agreements, bills of lading, tariffs and/or applicable regulations, statutes and treaties, including, *inter alia*, COGSA.

**SIXTH AFFIRMATIVE DEFENSE**

38. Any loss or damage suffered by plaintiffs, which is hereby specifically denied, was caused in whole or in part by the acts or omissions of plaintiffs or others and was not caused by acts or omissions of Alliance or any person for whom Alliance is responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

39. Any loss or damage suffered by plaintiffs, which is hereby specifically denied, was caused by an intervening and/or superseding cause, including, *inter alia*, force majeure, and was not caused by the acts or omissions of Alliance or any person for whom Alliance is responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

40. Any loss or damage suffered by Plaintiffs, which is hereby specifically denied, was not proximately caused by the acts or omissions of Alliance or any person for whom Alliance is responsible.

**NINTH AFFIRMATIVE DEFENSE**

41. Plaintiffs' claims for damages against Alliance are barred in whole or part by the doctrines of waiver, estoppel, laches and unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

42. Plaintiffs' claims for damages are barred and/or limited by its failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

43. Any damage to the cargo at issue was caused in whole or part by inherent vice or the nature of the goods.

**TWELFTH AFFIRMATIVE DEFENSE**

44. In the event plaintiffs had not or have not any title or interest in the shipment that is the subject matter of this action, then the plaintiffs are not the real party in interest and are not entitled to maintain this suit.

**THIRTEENTH AFFIRMATIVE DEFENSE**

45. Any state and/or common law claims are preempted by federal law.

**CROSSCLAIM OF ALLIANCE CARGO GROUP (HK) LTD.**

Defendant/Cross-claimant, ALLIANCE CARGO GROUP (HK) LTD. ("Alliance"), by its attorneys, the McKew Law Firm, PLLC, for its crossclaim against defendants/cross-defendants M/V ONE APUS, *in rem*, CHIDORI SHIP HOLDING LLC, JESSICA SHIP HOLDING S.A., NYK SHIPMANAGEMENT PTE. LTD., OCEAN NETWORK EXPRESS PTE. LTD., HAPAG-LLOYD AKTIENGESELLCHAFT, YANG MING MARINE TRANSPORT CORP., and HMM CO. LTD. (collectively, the "Cross-defendants"), alleges as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2. Venue is proper in this District because the subject contracts of carriage, service-level agreements and/or other applicable contracts contain choice of forum clauses that call for or permit jurisdiction of this Court, and because the Cross-defendants have waived all objections to venue in this District.

3. Alliance is, and at all relevant times was, a corporation organized and existing under the laws of Hong Kong S.A.R. with a principal place of business at No.4, 17/F., Fook Yip Building,

53-57 Kwai Fung Crescent, Kwai Chung, N.T. Hong Kong S.A.R.

4. Alliance is, and at all relevant times was, a non-vessel operating common carrier ("NVOCC") registered with the Federal Maritime Commission and engaged in arranging the ocean transportation of cargo.

5. Defendant/Cross-defendant Chidori Ship Holding LLC ("Chidori") is, and at all relevant times was, a corporation organized and existing under the laws of Japan with its principal place of business at 2-2-1 Kyobashi, Chuo-ku, Tokyo, Japan.

6. Defendant/Cross-defendant Chidori is, and at all relevant times was, the owner of M/V ONE APUS.

7. Defendant/Cross-defendant M/V ONE APUS (the "Vessel") is, and at all relevant times was, a containership registered in Japan with Official Number 1423426 and IMO No. 9806079.

8. Defendant/Cross-defendant JESSICA SHIP HOLDING S.A. ("Jessica') is, and at all relevant times was, a corporation organized and existing under the laws of the Republic of Panama with its principal place of business at 15th Floor, Banco General Tower, Aquilina De La Guardia Street, Marbella, Panama City, Republic of Panama.

9. Defendant/Cross-defendant Jessica is, and at all relevant times was, charterer of the Vessel.

10. Defendant/Cross-defendant NYK Shipmanagement Pte. Ltd. ("NYK") is, and at all relevant times was, a corporation organized and existing under the laws of Singapore with its principal place of business at 1 Harbourfront Place, #15-01 HarbourFront Tower One, Singapore, 098633.

11. Defendant/Cross-defendant NYK managed the Vessel.

12. Defendant/Cross-defendant Ocean Network Express Pte. Ltd. ("ONE") is, and at all relevant times was, a corporation organized and existing under the laws of Singapore with its principal place of business at 7 Straits View, #16-01 Marina One East Tower, Singapore, 018936.

13. Defendant/Cross-defendant ONE is, and at all relevant times was, a vessel operating common carrier ("VOCC") registered with the Federal Maritime Commission and engaged in the ocean transportation of cargo.

14. Defendant/Cross-defendant HAPAG-LLOYD AKTIENGESELLCHAFT ("HPL") is, and at all relevant times was, a corporation organized and existing under the laws of Germany with its principal place of business at Ballindamm 25, D-20095, Hamburg, Germany.

15. Defendant/Cross-defendant HPL is, and at all relevant times was, a VOCC registered with the Federal Maritime Commission and engaged in the ocean transportation of cargo.

16. Defendant/Cross-defendant YANG MING MARINE TRANSPORT CORP. ("YM") is, and at all relevant times was, a corporation organized and existing under the laws of Taiwan with its principal place of business at No. 271, Ming De 1st Road, Cidu District, Keelung, Taiwan, 20646.

17. Defendant/Cross-defendant YM is, and at all relevant times was, a VOCC registered with the Federal Maritime Commission and engaged in the ocean transportation of cargo.

18. Defendant/Cross-defendant HMM CO. LTD. ("HMM") is, and at all relevant times was, a corporation organized and existing under the laws of Republic of Korea with its principal place of business at Tower 1, Parc 1, 108 Yeoui-daero, Seoul, Republic of Korea, 07335.

19. Defendant/Cross-defendant HMM is, and at all relevant times was, a VOCC registered with the Federal Maritime Commission and engaged in the ocean transportation of cargo.

20. Upon information and belief, ONE, HPL, YM and HMM have, and at all relevant times had, an agreement to share the Vessel (the "VSA").

21. On or about November 18, 2020, in its capacity as an NVOCC, Alliance issued Bill of Lading No. ACSLAX200079 in connection with arranging the ocean transport of cargo from Yantian, China to Long Beach, California (the "Shipment").

22. Contemporaneously, Alliance contracted with a VOCC to transport the Shipment's cargo aboard the Vessel.

23. On or about November 30, 2020, during its ocean voyage to the United States the Vessel rolled and the Shipment and containers described in Schedule A of the Complaint went overboard or were otherwise damaged (the "Incident").

24. On September 28, 2022, the plaintiffs caused to be filed an action against Alliance and others alleging damages as a result of the Incident.

## AS AND FOR ITS FIRST CROSSCLAIM

25. That if the Alliance is held liable to the plaintiff for any loss or damage, such liability on the part of Alliance shall have been caused by the acts, omissions, fault, negligence, breach of contract, unseaworthiness of the vessel and/or breach of warranty of Cross-defendants, and in that event, Alliance shall be entitled to be contribution and/or indemnification from the Cross-defendants together with all costs including reasonable attorneys' fees.

WHEREFORE, defendant/cross-claimant Alliance prays for:

(1) dismissal of the Complaint, with prejudice;

(2) judgment in favor of Alliance's crossclaim, together with costs and disbursements of this action including reasonable attorneys' fees; and,

(3) such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 14, 2023

                        MCKEW LAW FIRM, PLLC
                        *Attorneys for Alliance Cargo Group (HK) Ltd.*

                        By: */s/ Mark L. McKew*
                              Mark L. McKew
                        1725 York Ave., Suite 29A
                        New York, New York 10128
                        Email: mmckew@mckewlaw.com
                        Tel: (212) 876-6783
                        Fax: (347) 379-4772