UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE:<br><br>*ONE APUS* CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020<br><br>*This Document Relates to Mitsui Sumitomo Ins. Co. of Am., et al. v. M/V One Apus, et al., Case No. 22-cv-08233, Southern District of New York* | X<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | 22-md-3028 (PAE)<br><br>**Referral of Claims to Magistrate Judge Pursuant to Settlement Agreement** |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

CHIDORI SHIP HOLDING LLC and JESSICA SHIP HOLDING S.A., making restricted appearances as Owners and bareboat charterers, respectively, of the M/V ONE APUS (collectively, "Owners") respectfully move this Court, pursuant to Section 3(A) of the Settlement Agreement entered into in this action (ECF No. 575-1) and this Court's retained jurisdiction to enforce that Agreement, for an order referring certain claims to the Magistrate Judge for a ruling.

## BACKGROUND

### A. The Settlement Agreement

On December 8, 2023, the parties to the various lawsuits subject to the above-captioned MDL Action entered into a Settlement Framework Agreement ("SFA") to resolve the claims of Cargo Interests[1] arising from the loss of and/or damage to cargo aboard the M/V ONE APUS (ECF No. 575-1; Declaration of Caroline J. Wilson ["Wilson Decl."] ¶ 3, Ex. A). The SFA established a structured claim submission and adjustment process, under which Cargo Interests would produce

[1] "Cargo Interests" being the shippers, consignees, cargo owners, and/or their subrogated insurers seeking recovery for loss off or damage to cargo.

documents in support of their right to recover and Owners would evaluate each cargo claim and pay a percentage of the provable damages under the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq*. (note). Notwithstanding the general agreement to pay a percentage of provable damages for each claim, Owners expressly reserved four enumerated defenses including: (1) Time Bar; (2) Title/Right to Sue; (3) Quantum of Damage Amount; and (4) Package Limitation. Relevant for the cargo claims subject to this Motion are the Quantum of Damage Amount and Owners Title/Right to Sue defenses.

The SFA applies to claims identified in "Schedule C" which represents a master list of applicable legal actions and claims subject to the same. For ease of reference the parties have referenced each particular claim by its "line" number in Schedule C. (ECF No. 575-2)

Section 3 of SFA contains a Dispute Resolution clause that provides that any claim involving a legal/factual dispute may be referred to the Magistrate Judge for determination. The SFA provides that the party requesting referral "shall file any required pleadings or other documents with the Court to request that the Magistrate issue a ruling on the disputed [c]laim." (SFA, Section 3(A)).[2]

**B. <u>The Disputed Claim</u>**

The disputed claim at issue here is subject to *Mitsui Sumitomo Ins. Co. of Am., et al. v. M/V One Apus, et al.*, Case No. 22-cv-08233 and is identified by its reference number in Schedule C to the SFA as Line 787 (the "Disputed Claim"). The Disputed Claim involves a cargo of cooked frozen edamame beans into container no. CAIU5522376. The container sustained damage during the incident and Plaintiff RLI Insurance Co. ("Plaintiff") seeks recovery in the amount of $56,068.35 for the loss. Plaintiff submitted claim documents substantiating its claim amount. Owners sent a settlement proposal on a recommended basis accepting the full claim amount and proposing settlement in the amount of $36,444.43, which reflects application of the agreed upon

[2] Any opposition is due fourteen days thereafter. (SFA, Section 3(A)).

percentage set forth in the SFA. (Wilson Decl. ¶ 4). Plaintiff has not yet agreed to settlement. (Wilson Decl. ¶ 5).

## ARGUMENT

Owners are not sure why Plaintiff has not yet agreed to the proposed settlement quantum. Out of an abundance of caution, Owners refer the claim to the Magistrate Judge pursuant to the dispute resolution provision in the SFA in case a dispute arises.

## CONCLUSION

For the reasons outlined above, Owners respectfully request that the Magistrate Judge issue a ruling that Owners settlement for Disputed Claim pursuant to the SFA is $36,444.43.

Dated: August 4, 2026

By: *_/s/ Timothy Semenoro_*

Timothy Semenoro
Robert E. O'Connor
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
437 Madison Avenue
New York, New York 10022
Tel: (212) 867-9500
Email: tsemenoro@mmwr.com
rconnor@mmwr.com

and

*_/s/ Caroline J. Wilson_*

Alan Nakazawa
Caroline J. Wilson
COLLIER WALSH NAKAZAWA LLP
*Pro Hac Vice*
180 E. Ocean Blvd., Suite 500
Long Beach, California 90802
Tel: (562) 317-3300
Email: alan.nakazawa@cwn-law.com
caroline.wilson@cwn-law.com

GRANTED. By separate order, the Court will refer the claims in this action to the Magistrate Judge for a ruling.

SO ORDERED. Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: August 5, 2026
New York, New York