UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

IN RE:

*ONE APUS* CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020

*This Document Relates to Mitsui Sumitomo Ins. Co. of Am., et al. v. M/V One Apus, et al., Case No. 22-cv-08233, Southern District of New York*

------------------------------------------------------------ X

22-md-3028 (PAE)

**Referral of Claims to Magistrate Judge Pursuant to Settlement Agreement**

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

CHIDORI SHIP HOLDING LLC and JESSICA SHIP HOLDING S.A., making restricted appearances as Owners and bareboat charterers, respectively, of the M/V ONE APUS (collectively, "Owners") respectfully move this Court, pursuant to Section 3(A) of the Settlement Agreement entered into in this action (ECF No. 575-1) and this Court's retained jurisdiction to enforce that Agreement, for an order referring certain claims to the Magistrate Judge for a ruling.

## BACKGROUND

### A. The Settlement Agreement

On December 8, 2023, the parties to the various lawsuits subject to the above-captioned MDL Action entered into a Settlement Framework Agreement ("SFA") to resolve the claims of Cargo Interests[1] arising from the loss of and/or damage to cargo aboard the M/V ONE APUS (ECF No. 575-1; Declaration of Caroline J. Wilson ["Wilson Decl."] ¶ 3, Ex. A). The SFA established a structured claim submission and adjustment process, under which Cargo Interests would produce

[1] "Cargo Interests" being the shippers, consignees, cargo owners, and/or their subrogated insurers seeking recovery for loss of or damage to cargo.

documents in support of their right to recover and Owners would evaluate each cargo claim and pay a percentage of the provable damages under the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq*. (note). Notwithstanding the general agreement to pay a percentage of provable damages for each claim, Owners expressly reserved four enumerated defenses including: (1) Time Bar; (2) Title/Right to Sue; (3) Quantum of Damage Amount; and (4) Package Limitation. Relevant for the cargo claims subject to this Motion are the Quantum of Damage Amount and Owners Title/Right to Sue defenses. The parties to the SFA agreed that Quantum of Damage Amount defense means that Owners will only settle the measure of damages based on the "provable damages under COGSA." (SFA, Section 2(L)). The Title/Right to Sue defense per the SFA "shall be governed by the general maritime law of the United States of America and/or Rule 17 of the Federal Rules of Civil Procedure. The Settling Cargo Claimant may meet the requirement by providing documentation, including, but not limited to, a subrogation receipt, assignment, or commercial document, showing that the Settling Cargo Claimant possesses the legal right or authority to settle and release the Claim." (SFA, Section 2(L)).

The SFA applies to claims identified in "Schedule C" which represents a master list of applicable legal actions and claims subject to the same. For ease of reference the parties have referenced each particular claim by its "line" number in Schedule C. (ECF No. 575-2).

Section 3 of the SFA contains a Dispute Resolution clause that provides that any claim involving a legal/factual dispute may be referred to the Magistrate Judge for determination. The SFA provides that the party requesting referral "shall file any required pleadings or other documents with the Court to request that the Magistrate issue a ruling on the disputed [c]laim." (SFA, Section 3(A)).[2]

**B. <u>The Disputed Claim</u>**

The disputed claim at issue here is subject to *Mitsui Sumitomo Ins. Co. of Am., et al. v/ M/V One Apus, et al.*, Case No. 22-cv-08233 and is identified by its reference number in Schedule C to

[2] Any opposition is due fourteen days thereafter. (SFA, Section 3(A)).

the SFA as Line 784 (the "Disputed Claim"). The Disputed Claim involves a cargo of ladies clothing stuffed into container no. CAIU9092340. The NVOCC[3], Global Ocean Agency Lines, LLC, issued bill of lading no. SZA2004640 listing Dongguan Yuanyuan Garments Co., Ltd as shipper and Covenant Communications, Inc. as consignee. (Wilson Decl. ¶ 4, Ex. B). The container sustained damage during the incident and Plaintiff RLI Insurance Co. ("Plaintiff"), seeks recovery of $17,536.65 for the loss.

To date, Plaintiff has not provided documentation establishing its subrogation rights by way of a subrogation receipt, proof of payment to its insured, or otherwise. Further, Plaintiff has not produced documentation supporting the claimed damages, including a final survey report confirming that the goods were, in fact, a total loss.

## ARGUMENT

### A. Plaintiff Is Required to Provide Evidence to Support the Extent of Damage Claimed

Under COGSA, a cargo claimant is entitled to recover only the loss it actually incurred, and it bears the burden of proving both the fact and the extent of that loss. Section 4(5) of COGSA is explicit on this point: "In no event shall the carrier be liable for more than the amount of damage actually sustained." To make out a prima facie case, a cargo claimant must show that the goods were delivered to the carrier in good condition and outturned in a damaged condition. *Vana Trading Co. v. S.S. Mette Skou*, 556 F.2d 100, 104 (2d Cir. 1977). "The plaintiff has the burden of proving the amount of damages." *Mitsui Marine Fire & Ins. Co. v. Direct Container Line, Ltd.*, 119 F. Supp. 2d 412, 417 (S.D.N.Y. 2000); *see also Great Am. Trading Co. v. Am. President Lines Ltd.*, 641 F. Supp. 396, 402 (N.D. Cal. 1986) ("In determining damages, the burden of proof never

[3] An NVOCC is a common carrier that "'does not operate the vessels by which the ocean transportation is provided; and . . . is a shipper in its relationship with an ocean common carrier." *In re Hapag-Lloyd Aktiengesellschaft*, 573 F.Supp. 3d 934, 948 (S.D.N.Y. 2021). "An NVOCC will issue a bill of lading to the shipper but does not undertake the actual transportation of the cargo. Instead the NVOCC delivers the shipment to an ocean carrier for transportation." *Royal & Sun Alliance Insurance, PLC v. Ocean World Lines, Inc.*, 612 F.3d 138, 140, n.2 (2d Cir. 2010).

leaves the plaintiff.") A bare assertion of loss, unsupported by a survey, inspection report, or other objective evidence establishing the condition and extent of damage to the goods, does not satisfy that burden. Here, Plaintiff has not submitted a final survey report or comparable documentation establishing the extent of the claimed damage to the goods, and the Disputed Claim should accordingly be rejected or reduced to reflect only such loss, if any, as it can substantiate.

**B. Plaintiff Lacks Title to Sue**

Plaintiff is an insurance company, and unless properly subrogated, has no independent right to claim for loss of or damage to the goods. *HSBC Ins. v. Scanwell Container Line*, No. CV 00-5729 SVW (SHx), 2001 U.S. Dist. LEXIS 26908, at *4 (C.D. Cal. July 25, 2001) ("An insurance company plaintiff only has standing to sue as subrogee when it has paid its insured"). Plaintiff has provided no subrogation receipt, no evidence of subrogation payment, and no other evidence establishing that it stands in its insured's shoes. It has therefore failed to satisfy its burden of demonstrating title to sue, and its Claim should be rejected on this basis alone.

## CONCLUSION

For the reasons outlined above, Owners respectfully request that the Magistrate Judge issue a ruling on the Disputed Claim finding that Plaintiff has failed to prove the extent of its damages and has not established its right to sue.

Dated: August 4, 2026

By: */s/ Timothy Semenoro*

Timothy Semenoro
Robert E. O'Connor
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
437 Madison Avenue
New York, New York 10022
Tel: (212) 867-9500
Email: tsemenoro@mmwr.com
rconnor@mmwr.com

and

*/s/ Caroline J. Wilson*

Alan Nakazawa
Caroline J. Wilson
COLLIER WALSH NAKAZAWA LLP
*Pro Hac Vice*
180 E. Ocean, Suite 500
Long Beach, California 90802
Tel: (562) 317-3300
Email: alan.nakazawa@cwn-law.com
caroline.wilson@cwn-law.com

GRANTED. By separate order, the Court will refer the claims in this action to the Magistrate Judge for a ruling.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: August 5, 2026
New York, New York